UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00195 |
| VERSUS | JUDGE ROBERT G. JAMES |
| STELLA MARIE DUNLAP | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On June 15, 2015, this Court sentenced Defendant Stella Marie Dunlap ("Dunlap") to serve a term of imprisonment of 21 months. Dunlap is currently serving her term of imprisonment at Carswell Federal Medical Center in Fort Worth, Texas, with a projected release date in February 2017.

On May 2, 2016, Dunlap wrote the Court a letter [Doc. No. 38] requesting that her remaining term of imprisonment be reduced to six months of home confinement. In support of her motion, Dunlap provides documents to show that she has completed educational classes while imprisoned. She also contends that her imprisonment is difficult for her husband who is working and caring for their son, who has been diagnosed with autism.

The Court does not have the authority to provide Dunlap the relief she has requested. Once a sentence has been imposed, the Court may not modify that sentence

except that–

(1) in any case--

    (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

>   imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>   (i) extraordinary and compelling reasons warrant such a reduction; or
>
>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .

18 U.S.C. § 3582(c)(1)(A)-(B).

If Dunlap believes that she has extraordinary and compelling reasons to support a reduction, she must first pursue a release through the BOP and request that it file a motion on her behalf. There is no indication that Dunlap has exhausted her administrative remedies, and the BOP has not filed a motion on her behalf. Thus, the Court has no authority to release her from prison under § 3582(c)(1)(A).

The Fifth Circuit has determined that an inmate may seek release by filing a petition under 28 U.S.C. § 2241 if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States," but in the absence of such violation, a compassionate release is not a matter of illegal or unconstitutional restraint. *See Figueroa v. Chapman*, No. 08-11117, 2009 WL 2998697, at *1 (5th Cir. Sep. 21, 2009). Dunlap has not presented the Court with any facts to suggest that her custody violates the Constitution or laws or treaties of the United States, so, to the extent that she

attempts to do so, she cannot obtain relief under § 2241 either.

Further, even if there were a basis to support a petition under § 2241, these petitions must be filed in the district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). Dunlap is not incarcerated in the Western District of Louisiana.

The Court is pleased that Dunlap is focused on her education while imprisoned. Given her projected release date, she should be beginning her transition to a halfway house in late summer or early fall. Nevertheless, the Court has no authority to reduce Dunlap's term of imprisonment. Therefore,

IT IS HEREBY ORDERED that Dunlap's letter motion for early release from imprisonment [Doc. No. 38] is DENIED.

MONROE, LOUISIANA, this 17th day of May, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE